**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus BARRAZA–MONJE, a.k.a. Jesus Barraza, Defendant—Appellant.**

No. 02–10108.

D.C. No. CR–01–00103–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Feb. 5, 2003.

Before B. FLETCHER, R. ARNOLD,* and RAWLINSON, Circuit Judges.

---

* The Honorable Richard S. Arnold, Senior Judge for the Eighth Circuit Court of Appeals, sitting by designation.

MEMORANDUM**

Appellant Jesus Barraza–Monje ("Barraza") appeals his conviction for unlawful re-entry after deportation in violation of 8 U.S.C. § 1326.

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Velasco–Medina,* 305 F.3d 839, 847 (9th Cir.2002) (citation omitted). However, a deportation order may be challenged only if the alien demonstrates that available administrative remedies have been exhausted. *See id.*

Barraza was deported twice, once in 1994, a second time in 1997. In the 1997 deportation proceedings he could have challenged the 1994 deportation order, since the 1997 deportation depended on the validity of the 1994 deportation. Barraza also had a right to appeal the 1997 deportation and did not. Had he done so, he could have argued that the 1994 appeal was timely and that the 1994 deportation was invalid. *See United States v. Hinojosa–Perez,* 206 F.3d 832, 836 (9th Cir.2000). His failure to do so defeats his ability to challenge either deportation. *See id.*

Barraza claims he was never free from official restraint from the time he crossed the border so that he never technically entered the United States. We disagree. A reasonable juror could have concluded that Barraza was not under constant observation by governmental authorities from the moment he set foot in this country until the moment of his arrest. *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1219 (9th Cir.2001).

---

We have considered Barraza's other assignments of error and find none persuasive.

**AFFIRMED.**

---

\* Jo Anne Barnhart is substituted for her predecessor, Kenneth S. Apfel, Commissioner of Social Security. Fed R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.